UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

v.

      File No. 1:02-CR-150

      HON. ROBERT HOLMES BELL

ANTHONY DEAN JONES,

      Defendant.
      _____/

## **OPINION AND ORDER**

This matter is before the Court on Defendant Anthony Dean Jones's motion to correct the record, to preserve a claim, and for clarification. (Dkt. No. 49.)

Defendant's motion raises the following two questions:

A. Has the court, by its actions in its order canceling evidentiary hearing on March 17, 2008, reinstated the original judgment of sentence from December 17, 2002, or is Mr. Jones entitled to be resentenced?

B. Is Anthony Dean Jones entitled to a delayed appeal from the original conviction of December 17, 2002?

(Dkt. No. 49 at 3.)

The Sixth Circuit remanded this case for consideration of the issue of whether Defendant was entitled to a delayed appeal, not for resentencing. (Dkt. No. 34, *Jones v. United States*, No. 03-2163, slip op. at 3 (6th Cir. Nov. 1, 2004)). Although the Court did inadvertently enter an order scheduling resentencing upon remand (Dkt. No. 37, 7/12/07

Order), that scheduling order was rescinded because it was entered in error. (Dkt. No. 46, 2/25/08 Order.) Defendant Jones is not entitled to be resentenced. Furthermore, contrary to the assumption in the question posed, Defendant Jones's original judgment of sentence has never been vacated; it is still in effect and does not need to be reinstated.

Neither is Defendant Jones entitled to a delayed appeal. The Sixth Circuit remanded for a determination as to whether counsel failed to consult with Defendant Jones about his right to appeal, and, if so, whether that failure is indicative of deficient performance such that Defendant should be granted a delayed appeal. (Dkt. No. 34, slip op. at 3.) The Court addressed this very issue in Defendant's habeas case, and specifically found that counsel did confer with Defendant Jones about his right to appeal. *Jones v. United States,* No. 1:05-CV-187 (Dkt. No. 12, 8/18/05 Op. at 7.) Because the Court has already determined that counsel did not fail to advise him of his right to appeal, counsel's performance was not deficient, and Defendant is not entitled to a delayed appeal. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Anthony Dean Jones's motion to correct, preserve a claim, and for clarification (Dkt. No. 49) is **GRANTED IN PART AND DENIED IN PART**. To the extent Defendant seeks clarification of the Court's orders, the motion is granted and the Court's orders are clarified as explained above. Defendant's motion is denied in all other respects.

Dated: July 6, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

2